IN THE UNITED STATES COURT OF APPEALS
FOR THE TENTH CIRCUIT

Case No. 14-4033

United States of America,

Plaintiff-Appellee,

v.

Robert G. Lustyik, Jr.,

Defendant-Appellant.

**APPELLANT'S RESPONSE TO GOVERNMENT'S MOTION TO
DISMISS FOR LACK OF JURISDICTION**

The Appellant, Robert G. Lustyik, Jr., by and through his undersigned counsel responds to the government's motion to dismiss for lack of jurisdiction and sets forth his reasons why this court may maintain jurisdiction of the instant matter and adjudicate such appeal interlocutory.

The Supreme Court of the United States delineated the test for the availability of interlocutory appeals called the collateral order doctrine; see <u>Lauro Lines s.r.l. v. Chasser</u>, 490 U.S. 495 (1989), holding that under 28 U.S.C. § 1291 such an appeal would be permitted if:

1. The outcome of the case would be conclusively determined by the issue;

2. The matter appealed was collateral to the merits, and;

3. The matter was effectively unreviewable if immediate appeal were not allowed.

In the instant matter, the Appellant does aver that such exceptions exist, thus requesting the Honorable Circuit justices to review the lower courts order interlocutory.  Interlocutory appeals may be brought if waiting to bring an appeal would be particularly prejudicial to the rights of one of the parties, in this case Mr. Lustyik, the Defendant/Appellant.

The Supreme Court in <u>Digital Equipment Corp. v. Desktop Direct Inc.</u>, 511 U.S. 879, also stated that matters of sufficient importance to merit a collateral appeal were "those originating in the constitution or statutes."  Moreover, the 9th, 10th, and 11th circuit courts have ruled that a non-frivolous appeal warrant a stay of proceedings; see <u>Bradford-Scott Data Corp. v. Physician Computer Network</u>, 128 F.3d 504, 506 (7th Cir. 1997); <u>Blinco v. Greentree Servicing, LLC</u>, 366 F.3d 1249, 1251-2 (11th Cir. 2004); <u>McCauley v.Halliburton Energy Services, Inc.</u>, 161 Fed.Appx. 760 (10th Cir. 2005).

In <u>Cohen</u>, the Supreme Court carved out a narrow exception to the final judgment rule (The Collateral Order Doctrine).  In that case, the Supreme Court held to be appealable those orders which "finally determine claims of right separable from, and collateral to, rights asserted in the action too important to be denied review and too independent of the cause itself to require the appellate consideration be deferred until the whole case is adjudicated."  <u>Cohen v. Beneficial Industrial Loan Corp.</u> 337 U.S. 541, 546 (1949).  The doctrine applies to those district court decisions: 1) that are conclusive, 2) that resolve important questions separate from the merits of the case and, 3) that would render such important questions effectively unreviewable on appeal from final judgment in the underlying action 114 S.Ct. at 1995-96 (The Cohen Requirements).

<u>Why Mr. Lustyik (Appellant) substantially meets the Cohen Requirements</u>:

- The district court erred in several facets of its analysis regarding the defendant/appellant's suppression motion and it is highly conceivable that review by this court will determine such and overturn the lower courts' decision.  There is a very high likelihood of success on the merits of the suppression issues.  Such decision would virtually guarantee Mr. Lustyik not having to stand trial as the government in all practicality would be forced to dismiss their case against the appellant for lack of

evidence. The lower courts order satisfies the (finality) requirement because the district court had said its last word on the matter (suppression issue) and did not in any way indicate that its order was tentative; thus satisfying the first prong in Cohen. Such right of the defendant/appellant may be irretrievably lost if immediate review is not available. The instant circumstances regarding the manner and breadth in which the government conducted said searches has been litigated to completion, is highly fact specific and appellate resources would not be squandered as would be in the ordinary case where the relevant facts to the issue were not fully developed. In the instant matter, immediate appellant review would most certainly enhance appellate and judicial resources. This is supported by the "proposition that certain claims (because of the substance of the rights entailed, rather than the advantage to a litigant in winning his claim sooner) should be resolved before trial" see <u>Van Cauwenberghe</u>, 486 US. at 524 (quoting in part, <u>United States v. MacDonald</u>, 435 U.S. 850, 860 (1978).

It is reasonably clear the lower courts order involves a controlling question of law as to which there is substantial ground for difference of opinion and an immediate appeal from the order may materially advance the ultimate termination of the litigation. Matters derived from the constitution are more likely to be appealable because their importance is presumed. The searches in question involves the wholesale trampling of the defendant/appellant's constitutional rights as well as gross prosecutorial misconduct in which government prosecutors not even involved in the case (government prosecutors handling a civil forfeiture matter involving another defendant asked the case agent to share with them roots of the search after he had already determined certain evidence was not relevant). This is only one of the issues in contest, which the appellant asks this court

to review interlocutory. To do otherwise and not allow review would effectively prejudice the defendant/appellant by having to proceed with a very lengthy and costly judicial process involving the Classified Information Procedures Act and the disclosure of national security matters unnecessarily. For the lower court to proceed prior to appellate review with long and complex CIPA (Classified Information Procedures Act) decisions to be made along with the likelihood of success on appeal, regarding the suppression matters, possibly leading to the order of a new trial would exhaust resources that the district court already has trouble accommodating. CIPA proceedings have prolonged the already complex case in which the district court currently cannot accommodate the defendant to properly review classified information; i.e. no SCIF (Secure Compartmented Information Facility) accommodations).

Reviewing the matter now will protect society's interests in resolving suits quickly and with minimal expense, which is a factor inherent in the strictures of the rule of finality. Lloyd C. Anderson, *The Collateral Order Doctrine: A New "Serbonian Bog" and Four Proposals for Reform*, 46 DRAKE L. REV. 539, 540–41 (1998) (discussing construction of the term "final decision"). There has been concern on the part of the courts that the finality requirement be pragmatically construed so as to avoid potentially irreparable injuries to litigants. In Cohen itself, the court instructed that the term "final decision" should be given a "practical rather than technical construction." Id. at 152 (quoting Cohen, 337 U.S. at 546).

<u>The Collateral Order Doctrine is Not the Only Avenue by Which the Appellant Can Seek Interlocutory Review</u>.

The Rules Enabling Act amended by Congress in 1990, enable the court to adopt rules "defining when a ruling of a district court is final for the purposes of appeal under section 1291, see U.S.C. § 2072(c). This rule essentially broadens the class of interlocutory orders. Moreover, two years later Congress amended § 1292 to empower the court to "prescribe rules, in accordance with [The Rules Enabling Act], to provide for an appeal of an interlocutory decision to the Courts of Appeal that is not otherwise provided for under § 1292.

In <u>Swint v. Chambers County Commission</u>, the court acknowledged these congressional changes and stated in dicta that "Congress' designation of the rulemaking process as a way to define or refine when a district court ruling is "final"… warrants the judiciary's full respect" 514 U.S. 35, 42, 48. The Supreme Court echoed its support of such congressional intent in <u>Mohawk Industries, Inc. v. Carpenter</u>, 558 U.S. 100 (2009), where it stated in dicta as well that "any further avenue for immediate appeal should be furnished, if at all through rulemaking, with the opportunity for the full airing it provides 130 S.Ct. 609.

Although rulemaking might be the preferred method for announcing new categories of appealable orders, it is neither the only method nor most used by the court, see <u>Osborn v. Haley</u>, 549 U. S. 225, 238 (2007). Also, see Joan E. Steinman, *The Scope of Appellate Jurisdiction*, 49 Hastings L.J. 1337, 1363, 1370-71 (1998). (There is no reason to believe that in delegating rulemaking power to the court, Congress intended to… preclude continued common law creation by the courts on matters as to which it authorized rulemaking. Certainly, nothing in the legislative history indicates such an intention"). See also Reply Brief for Petitioner, <u>Wilson v. Johnson</u>, 131 S. Ct. 71(2010) (mem.) (No. 09-1143), 2010 WL 2830403, at *4. Disposition of

this issue requires only that the defendant/appellants claim has some merit, a showing satisfied simply by determining if the defendant/appellant states a facially non-frivolous cause of action. Such an inquiry by this court does not necessitate insight into the merits of the defendant/appellants underlying cause of action beyond those, which are available to the court at the time of request.

In closing, the instant case needs or exceeds prong one and two of Cohen and substantially meet prong three. (See also <u>Coopers & Lybrand</u> test). With regard to prong three, appellate courts often invoke the rule of leniency involving criminal matters; see <u>Flanagan</u>. Even if the honorable justices are unpersuaded by the instant matter satisfying prong three of Cohen in the Coopers & Lybrand test, the special circumstances of the case at hand itself warrant immediate review. In the alternative, in that previously stated herein, the collateral order doctrine is not an end all by which interlocutory appeal can be reviewed. This honorable circuit court can expand upon such customary doctrines and employ the Rule Enabling Act. This Circuit is not precluded (by Congress) from implementing the creation of common law on matters as to which it has been authorized rule making. Defendant/Appellant requests oral argument on the matter.

Respectfully Submitted,
Robert G. Lustyik, Jr.,
By his attorney,

*/s/ Raymond Mansolillo*
Raymond Mansolillo, Esq. *(Admitted Pro Hac)*
101 Federal Street, Suite 1900
Boston, MA  02110
Telephone: (617) 342-7181
Facsimile:   (617) 342-7080
Email:      rmansolillo@cox.net

*/s/ Michael J. Langford*
Michael J. Langford, Utah State Bar #9682 *(Local Counsel)*
Law Office of Michael J. Langford, P.C.
9 Exchange Place, Suite 650
Salt Lake City, Utah  84111
Telephone: (801) 328-4090
Facsimile:   (801) 746-5613
Email:      Michael@mjl-law.com

**CERTIFICATION**

I hereby certify that on the 10th day of April, 2014, I served a copy of this Response to Government's Motion to Dismiss via CM/ECF system.

*/s/Raymond Mansolillo, Esq*.

**CERTIFICATION**

I hereby certify that all required privacy redactions have been made in accordance with 10th Cir. R. 25.5.

I hereby certify that the electronic submission was scanned for viruses with the most recent version of a commercial virus scanning program, and is free of viruses in accordance with ECF User Manual, Section II, Policies and Procedures for Filing Via ECF, Part I(b), pages 11-12.

<u>*/s/Raymond Mansolillo, Esq*</u>.